# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| STEPHEN SHARPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV618-015 |
| | ) | |
| MASSIE MCINTYRE, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 2:59 pm, May 22, 2018*

## **REPORT AND RECOMMENDATION**

*Pro se* plaintiff Stephen Sharpe has filed this case alleging improprieties related to various contracts. Doc. 1 at 8. Although Sharpe's allegations are not entirely clear, it appears that the contracts at issue are related to a loan secured by real property. *Id*. The defendants have responded to the Complaint, and they seek dismissal on various grounds. *See* doc. 5 (MacIntyre's Motion to Dismiss); doc 12 (Residential Credit Solutions, Inc.'s Motion to Dismiss); doc. 17 (Key Bank, N.A.'s Motion to Dismiss); doc. 19 (Select Portfolio Services, Inc.'s Motion to Dismiss); doc. 22 (Quantum Servicing Corporation's Motion to Dismiss); doc. 23 (Bryant's Motion to Dismiss); doc 28 (First Family Financial Services, Inc.'s Motion to Dismiss). Sharpe opposes. Doc. 27.

Pretermitting the various issues that defendants' motions raise, it appears that the Court lacks subject matter jurisdiction.

Sharpe checked the form Complaint's box indicating that the Court has jurisdiction based on the parties' diversity of citizenship. Doc. 1 at 6. Despite alleging diversity of citizenship, however, Sharpe lists his own address in Georgia and lists business addresses for two of the individual defendants (Massie McIntyre and Malcolm Bryant) in Georgia. Doc. 1 at 1, 3. Those defendants, as well as several of the entity defendants, point out that those allegations belie any assertion of diversity jurisdiction. *See, e.g.*, doc. 5 at 3-4 (arguing that the Court lacks subject matter jurisdiction because the Complaint alleges that both Sharpe and McIntyre are Georgia citizens); doc. 19 at 3 (arguing that the Complaint, on its face, "admits that at least four of the Defendants in this action reside in Georgia, making them Georgia citizens"); doc. 22-1 at 6 (arguing the Court lacks jurisdiction "because the Complaint assigns Georgia citizenship to the plaintiff as well as to some of the defendants"); doc. 23 at 2-3 ("[T]he plaintiff has alleged that he and one or more defendants are Georgia citizens"). Sharpe has responded in opposition to

those motions, but he has not addressed the jurisdictional arguments. Doc. 27.

"Federal courts are courts of limited jurisdiction[, and t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a case lies outside that jurisdiction, and the party asserting it (here, the plaintiff) bears the burden of overcoming that presumption. *Id.* To establish diversity jurisdiction, Sharpe must plead facts showing that the parties are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete" diversity is required -- no opposing parties may be citizens of the same state. *See, e.g., Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1988). As the defendants have pointed out, Sharpe's allegations support the conclusion that he and several defendants are Georgia citizens. He has asserted nothing contradicting defendants' construction of his allegations. The Court cannot fill in jurisdictional gaps for him. *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants [where pleadings are liberally construed], this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an

3

otherwise deficient pleading in order to sustain an action." (quotes and cite omitted)).

Accordingly, Sharpe's Complaint should be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The remaining pending motions, therefore, should be **DENIED** as moot. Doc. 5; doc. 8; doc. 12; doc. 17; doc. 19; doc. 22; doc. 23; doc. 28. The Joint Motion to Stay Discovery, pending ruling on the motions to dismiss, is **GRANTED**, pending the District Judge's consideration of this Report and Recommendation. Doc. 24.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>22nd</u> day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA